State Court of Fulton County
**E-FILED**
21EV004071
7/9/2021 1:02 PM
Christopher G. Scott, Clerk
Civil Division

**GEORGIA, FULTON COUNTY**

DO NOT WRITE IN THIS SPACE

**STATE COURT OF FULTON COUNTY**
Civil Division

CIVIL ACTION FILE #: _____

_____

_____

_____

Plaintiff's Name, Address, City, State, Zip Code

vs.

_____

_____

_____

Defendant's Name, Address, City, State, Zip Code

| TYPE OF SUIT | AMOUNT OF SUIT |
|---|---|
| [ ] ACCOUNT | PRINCIPAL $_____ |
| [ ] CONTRACT | |
| [ ] NOTE | INTEREST $_____ |
| [X] TORT | |
| [ ] PERSONAL INJURY | ATTY. FEES $_____ |
| [ ] FOREIGN JUDGMENT | |
| [ ] TROVER | COURT COST $_____ |
| [ ] SPECIAL LIEN | |
| | ************ |
| [ ] NEW FILING | |
| [X] RE-FILING:  PREVIOUS CASE NO. _____ | |

### SUMMONS

TO THE ABOVE NAMED-DEFENDANT:

  You are hereby required to file with the Clerk of said court and to serve a copy on the Plaintiff's Attorney, or on Plaintiff if no Attorney, to-wit:

Name: _____

Address: _____

City, State, Zip Code: _____     Phone No.:_____

An answer to this complaint, which is herewith served upon you, must be filed within thirty (30) days after service, not counting the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint, plus cost of this action. **DEFENSES MAY BE MADE & JURY TRIAL DEMANDED**, via electronic filing or, if desired, at the e-filing public access terminal in the Self-Help Center  at 185 Central Ave., S.W., Ground Floor, Room TG300,  Atlanta, GA 30303.

Christopher G. Scott, Chief Clerk (electronic signature)

_____

*SERVICE INFORMATION:*

 Served, this _____ day of _____, 20_____.     _____

DEPUTY MARSHAL, STATE COURT OF FULTON COUNTY

WRITE VERDICT HERE:
We, the jury, find for _____

_____

This _____ day of _____, 20_____.     _____ Foreperson

**(STAPLE TO FRONT OF COMPLAINT)**

## EXHIBIT "A"

Copy from re:SearchGA

State Court of Fulton County
**E-FILED**
21EV004071
7/9/2021 1:02 PM
Christopher G. Scott, Clerk
Civil Division

## General Civil and Domestic Relations Case Filing Information Form

☐ **Superior** or ☐ **State Court of** _____ **County**

| For Clerk Use Only | |
|---|---|
| **Date Filed** _____ <br> **MM-DD-YYYY** | **Case Number** _____ |

### Plaintiff(s)

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

### Defendant(s)

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

**Plaintiff's Attorney** _____    **Bar Number** _____    **Self-Represented** ☐

### Check One Case Type in One Box

**General Civil Cases**

☐ Automobile Tort
☐ Civil Appeal
☐ Contract
☐ Garnishment
☐ General Tort
☐ Habeas Corpus
☐ Injunction/Mandamus/Other Writ
☐ Landlord/Tenant
☐ Medical Malpractice Tort
☐ Product Liability Tort
☐ Real Property
☐ Restraining Petition
☐ Other General Civil

**Domestic Relations Cases**

☐ Adoption
☐ Dissolution/Divorce/Separate Maintenance
☐ Family Violence Petition
☐ Paternity/Legitimation
☐ Support – IV-D
☐ Support – Private (non-IV-D)
☐ Other Domestic Relations

**Post-Judgment – Check One Case Type**

☐ Contempt
  ☐ Non-payment of child support, medical support, or alimony
☐ Modification
☐ Other/Administrative

☐ Check if the action is related to another action(s) pending or previously pending in this court involving some or all of the same parties, subject matter, or factual issues. If so, provide a case number for each.

_____ **Case Number**        _____ **Case Number**

☐ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in O.C.G.A. § 9-11-7.1.

☐ Is an interpreter needed in this case? If so, provide the language(s) required. _____
**Language(s) Required**

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.
_____
_____

Version 1.1.18

Copy from re:SearchGA

State Court of Fulton County
**E-FILED**
21EV004071
7/9/2021 1:02 PM
Christopher G. Scott, Clerk
Civil Division

## IN THE STATE COURT OF FULTON COUNTY

## STATE OF GEORGIA

ERAN AYDIN,

       Plaintiff,

vs.

WHOLE FOODS MARKET GROUP,
INC., XYZ CORPORATION, and JOHN
DOE,

       Defendants.

CIVIL ACTION

FILE NO.: _____

## **COMPLAINT**

COMES NOW, Plaintiff, ERAN AYDIN, and makes and files this Complaint

against Defendant WHOLE FOODS MARKET GROUP, INC., XYZ Corporation and

John Doe, as follows:

## **PARTIES AND JURISDICTION**

### 1.

Plaintiff ERAN AYDIN ("Plaintiff") resides at 1704 Barnes Mill Road, Marietta,

Cobb County, GA 30062, and is subject to the jurisdiction of this court.

### 2.

Defendant WHOLE FOODS MARKET GROUP, INC. (Defendant "WFMG") is a

foreign profit corporation existing under the laws of the state of Delaware, who maintains

a principle place of business in Austin, TX, who, at all times relevant to this action, owned

and/or operated the <u>Fulton County premises</u> upon which Plaintiff sustained the injuries

which form the basis of this action, and maintains an office and place of doing business in

Fulton County, GA, and is therefore subject to jurisdiction and venue of this court.

[1]

Copy from re:SearchGA

Defendant WFMG may be served with a copy of the complaint and summons via its registered agent, CT Corporation System, at 289 South Culver Street, Duluth, GA 30097.

3.

Defendant XYZ Corporation ("Defendant XYZ") occupied the position of the unknown vendor of the premises where the subject incident occurred, and at all times relevant to this action, was acting within the scope of employment for Defendant WFMG upon the premises where Plaintiff sustained the injuries which form the basis of this action and whose acts and/or omissions are believed to have contributed to Plaintiff's claims for damages and is subject to the jurisdiction and venue of this Court.

4.

Defendant JOHN DOE ("Defendant Doe") is an unidentified individual who, at all times relevant to this action, was acting within the scope of employment for Defendant WFMG and/or Defendant XYZ on the premises where Plaintiff sustained the injuries which form the basis of this action and whose acts and/or omissions contributed to Plaintiffs damages and is subject to the jurisdiction and venue of this Court.

## **BACKGROUND**

5.

On or about December 12, 2016, Plaintiff was an invitee upon the premises of the Whole Foods Market located at 77 West Paces Ferry Road NW, Atlanta, Fulton County, Georgia 30305.

[2]

Copy from re:SearchGA

6.

On or about December 12, 2016, the Whole Foods Market located at 77 West Paces Ferry Road NW, Atlanta, GA 30305 (hereafter "the store"), was owned and operated by Defendant WFMG.

7.

On or about December 12, 2016, Plaintiff entered the store with the intention of purchasing groceries.

8.

While upon the premises of the store, Plaintiff went to use the restroom and entered a restroom stall.

9.

Upon attempting to exit the stall inside the restroom, the stall door experienced a mechanical failure due to its unmaintained poor condition, broke free from its latch point and fell on top of the Plaintiff, knocking the Plaintiff to the floor and pinning him down to the ground.

10.

Defendant WFMG had exclusive ownership, possession and control over the store and the restrooms contained therein located at 77 West Paces Ferry Road NW, Atlanta, Fulton County, Georgia 30305, at all times relevant to this litigation.

11.

At the time of the Plaintiff's fall, there were no warnings or "out of order" signs posted in the vicinity of the stall where the incident occurred.

[3]

Copy from re:SearchGA

12.

As a direct and proximate result of the negligence of Defendant WFMG in failing to inspect, discover, repair, and warn of the hazardous restroom stall, the Plaintiff sustained serious bodily injury and damages, including past and future medical expenses, past and future mental and physical pain and suffering, and permanent disability.

## COUNT I

## PREMISES LIABILITY

13.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 12 above as if fully restated.

14.

Plaintiff was an invitee upon the premises of the store owned and operated by Defendant WFMG and/or Defendant XYZ at the time of the incident.

15.

Defendant WFMG and/or Defendant XYZ owed a nondelegable duty of reasonable care in keeping the premises safe for invitees such as plaintiff.

16.

Defendant WFMG and/or Defendant XYZ was negligent in failing to properly inspect the area where the fall occurred, in failing to mitigate or remove the hazardous condition, in failing to take adequate measures to protect invitees from the hazard and in failing to keep the premises safe for invitees.

[4]

Copy from re:SearchGA

17.

Defendant WFMG and/or Defendant XYZ knew or should have known that the restroom stall door at issue posed a danger to invitees on the premises and should have changed, altered, removed, repaired and/or warned invitees about the defective and hazardous restroom stall door to avoid injury to invitees on the premises.

18.

Plaintiff did not know and could not reasonably have learned of the dangers posed by the defective and hazardous restroom stall door at issue.

19.

Defendant WFMG and/or Defendant XYZ s negligence was the proximate cause of plaintiff's injuries and resulting damages.

## **COUNT II**

## **LIABILITY OF DEFENDANTS WFMG, XYZ, AND DOE**

20.

Plaintiff realleges and incorporates the allegations contained in paragraphs 1 through 19 above as if fully stated herein.

21.

At all times relevant to this action, Defendant WFMG, Defendant XYZ Corporation and Defendant Doe had a duty to reasonably inspect, clean, discover latent defects, repair and otherwise maintain the area where Plaintiff's incident occurred.

22.

Defendant WFMG, Defendant XYZ and Defendant Doe negligently failed to inspect, clean, discover the defective and hazardous condition of the stall at issue, repair

[5]

Copy from re:SearchGA

and otherwise maintain the area where Plaintiff's incident occurred and negligently failed to take reasonable measures to ensure the safety of invitees on the premises and warn invitees such as Plaintiff of the presence of defective and hazardous stall door.

## COUNT III

## VICARIOUS LIABILITY

23.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 22 above as if fully restated.

24.

At all times relevant to this action, Defendant Doe and any other individuals responsible for inspecting, cleaning and maintaining the area where Plaintiff fell were employed by Defendant WFMG and/or Defendant XYZ and were acting within the course and scope of their employment.

25.

Defendant WFMG and Defendant XYZ are responsible for the conduct of Defendant Doe and these individuals under the doctrine of *respondeat superior*, agency, apparent agency or any combination thereof which may be shown at trial.

## COUNT IV

## NEGLIGENT TRAINING & SUPERVISION

26.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 25 above as if fully restated.

[6]

Copy from re:SearchGA

27.

Defendant WFMG and/or Defendant XYZ were negligent in failing to adopt appropriate policies and procedures to make sure that appropriate inspections for hazardous conditions were performed on the premises and in failing to train its employees, including Defendant Doe, concerning safety procedures for inspecting and maintaining the premises.

28.

Defendant WFMG and/or Defendant XYZ were negligent in training and supervising its staff.

29.

As a result of Defendant WFMG and Defendant XYZ's negligence in training and supervising its Defendant Doe and its other employees, Plaintiff sustained serious bodily injury upon the premises of the store.

## STATEMENT OF RENEWAL

30.

This Complaint is a renewal of an action, pursuant to O.C.G.A. § 9-2-61, against these Defendants.  The allegations are essentially the same as those contained in a Complaint that was filed in the State Court of Fulton County and assigned Civil Action File No. 18-EV-005808 and was voluntarily dismissed without prejudice. The dismissal of the prior action was entered on February 3, 2021. All costs have been paid and this action is being renewed within six months as provided for by the Georgia Code.

Copy from re:SearchGA

**WHEREFORE**, Plaintiff prays that he have trial on all issues and judgment against Defendants as follows:

(a)     That Plaintiff recover the full value of past and future medical expenses, past and future lost wages and other actual costs in an amount to be proven at trial;

(b)     That Plaintiff recover for mental and physical pain and suffering, emotional and mental distress, diminished earning capacity and all other general damages in an amount to be determined by the enlightened conscience of the jury;

(c)     That plaintiff recover such other and further relief as is just and proper;

(d)     That all issues be tried before a jury.

This 9th day of July, 2021.

Respectfully submitted:

**ALI AWAD LAW, P.C.**


/s/ Jason N. Slate
JASON N. SLATE
State Bar No. 846650
Attorney for Plaintiff


200 Peachtree Street NW
Suite 201
Atlanta, GA 30303
P: (833) 254-2923
F: (706) 528-5090
litigation@aliawadlaw.com

[8]

Copy from re:SearchGA

State Court of Fulton County
**E-FILED**
21EV004071
7/9/2021 1:02 PM
Christopher G. Scott, Clerk
Civil Division

## IN THE STATE COURT OF FULTON COUNTY

## STATE OF GEORGIA

ERAN AYDIN,

            Plaintiff,

v.

WHOLE FOODS MARKET GROUP, INC.,
XYZ CORPORATION, AND JOHN DOE,

            Defendants.

CIVIL ACTION

FILE NO.:

## 5.2 CERTIFICATE OF SERVICE OF DISCOVERY MATERIALS

I HEREBY CERTIFY that I have served a copy of:

1. Plaintiffs' First Interrogatories to Whole Foods Market Group, LLC;
2. Plaintiff's First Request for Production of Documents to Whole Foods Market Group, LLC; and
3. Plaintiff's First Request for Admissions to Whole Foods Market Group, LLC;

upon all parties in this matter by including a true and correct copy of same which is to be served contemporaneously with the complaint and summons by a Deputy of the Sheriff's Office in the County in which the defendant resides or other proper process server, as approved by the Georgia Civil Practice Act, who is to effectuate service at the following address:

**Whole Foods Market Group, LLC**
c/o CT Corporation System
289 S. Culver Street
Duluth, GA 30097

This the 9th day of July, 2021.

Respectfully submitted:

**ALI AWAD LAW, P.C.**

[1]

Copy from re:SearchGA

/s/ Jason N. Slate
JASON N. SLATE
State Bar No. 846650
Attorney for Plaintiff

200 Peachtree Street NW
Suite 201
Atlanta, GA 30303
P: (833) 254-2923
F: (706) 528-5090
litigation@aliawadlaw.com

[2]

Copy from re:SearchGA

State Court of Fulton County
**E-FILED**
21EV004071
7/13/2021 5:33 PM
Christopher G. Scott, Clerk
Civil Division

## <u>AFFIDAVIT OF SERVICE</u>

**State of Georgia**                     **County of Fulton**                     **State Court**

Case Number: 21EV004071

Petitioner: **ERAN AYDIN**
vs.
Defendant: **WHOLE FOODS MARKET GROUP,
INC., XYZ CORPORATION,
and JOHN DOE,**

For:
Jason Slate
Ali Awad Law, P.C.
200 Peachtree Street NW
Suite 201
Atlanta, GA 30303

Received by Ancillary Legal Corporation on the 9th day of July, 2021 at 2:39 pm to be served on **Whole Foods Market Group, Inc c/o C.T. Corporation System, registered agent, 289 S. Culver St., Lawrenceville, GA 30046.**

I, Christopher Todd Horton, being duly sworn, depose and say that on the **12th day of July, 2021** at **2:40 pm, I:**

served **Whole Foods Market Group, Inc c/o C.T. Corporation System, registered agent** by delivering a true copy of the **SUMMONS, COMPLAINT, PLAINTIFF'S FIRST INTERROGATORIES TODEFENDANT WHOLE FOODS MARKET GROUP, INC., PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT WHOLE FOODS MARKET GROUP, INC., PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO DEFENDANT WHOLE FOODS MARKET GROUP, INC., 5.2 CERTIFICATE OF SERVICE OF DISCOVERY MATERIALS, GENERAL CIVIL AND DOMESTIC RELATIONS CASE FILING INFORMATION FORM** to: C.T. Corporation System as **Registered Agent, BY LEAVING THE SAME WITH** Linda Banks as **Authorized to Accept** at the address of: **289 S. Culver St., Lawrenceville, GA 30046.**

**Additional Information pertaining to this Service:**
7/12/2021  2:40 pm  Perfected corporate service at 289 S. Culver Street, Lawrenceville, GA 30046, by serving Linda Banks, process specialist.

White female, gray hair,
60-65 years old, ~5'4, ~140 lbs, wears glasses.

## AFFIDAVIT OF SERVICE For 21EV004071

I am an agent of Ancillary Legal Corporation and am competent in all respects to testify regarding the matters set forth herein. I have personal knowledge of the facts stated herein and know them to be true.I have no interest in the outcome of this action and am not related to any of the parties. I am 18 or more years of age and am authorized to serve process.

**Christopher Todd Horton**
Process Server

Subscribed and Sworn to before me on the ___ day of ___ July ___, ___ 2021 ___ by the affiant who is personally known to me.

**Ancillary Legal Corporation**
**2900 Chamblee Tucker Road**
**Building 13**
**Atlanta, GA 30341**
**(404) 459-8006**

_____
NOTARY PUBLIC

Our Job Serial Number: ANC-2021007701
Ref: AYDIN

ISHANI MADHAV
My Commission Expires
NOTARY
PUBLIC
FULTON COUNTY, GEORGIA
June 3, 2025

Copy from re:SearchGA

State Court of Fulton County
**E-FILED**
21EV004071
8/11/2021 10:53 AM
Christopher G. Scott, Clerk
Civil Division

**IN THE STATE COURT OF FULTON COUNTY**
**STATE OF GEORGIA**

| | |
|---|---|
| ERAN AYDIN,<br><br>     Plaintiff,<br><br>vs.<br><br>WHOLE FOODS MARKET GROUP, INC.,<br>XYZ CORPORATION, and JOHN DOE,<br><br>     Defendants. | CIVIL ACTION FILE NO.<br><br>21EV004071<br><br>**THIS DEFENDANT DEMANDS A JURY TRIAL** |

## WHOLE FOODS MARKET GROUP, INC.'S ANSWER

Whole Foods Market Group, Inc. ("WFM") responds to Plaintiff's Complaint as follows:

### FIRST DEFENSE

Plaintiff's claims are barred because the applicable statutes of limitations have expired.

### SECOND DEFENSE

Plaintiff's claims are barred by the doctrines of laches and waiver.

### THIRD DEFENSE

Plaintiff's claims in this renewal action are barred because they are not essentially the same as the allegations contained in the complaint that was filed in 2018 in the State Court of Fulton County, Civil Action File No. 18-EV-005808 (the "Initial Complaint"). See a true and correct copy of the Initial Complaint attached hereto as **Exhibit A.**

### FOURTH DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrines of comparative and/or contributory negligence. Any recovery to which Plaintiff might be entitled – which WFM denies– must be diminished to the extent Plaintiff's own negligence proximately caused or contributed to the incident and any injuries alleged.

**FIFTH DEFENSE**

Plaintiff's claims are barred in whole or in part by Plaintiff's failure to mitigate his alleged damages.

**SIXTH DEFENSE**

Plaintiff's alleged damages were not caused legally, proximately, or in-fact by WFM or by any acts or omissions of WFM.

**SEVENTH DEFENSE**

Plaintiff's alleged damages were the result of pre-existing or subsequent conditions of Plaintiff, which were without negligence, lack of care, or any other breach of duty on the part of WFM, and for which WFM is not liable.

**EIGHTH DEFENSE**

Plaintiff's alleged damages were directly and proximately caused and contributed to by the acts, omissions, and/or negligence of persons other than WFM, whether individual, corporate, association, or otherwise, over whom WFM had no control or authority and for which WFM is not liable.

**NINTH DEFENSE**

This court lacks subject matter jurisdiction.

**TENTH DEFENSE**

Plaintiff's alleged damages are inflated or inaccurate.

**ELEVENTH DEFENSE**

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

**TWELFTH DEFENSE**

WFM is currently without knowledge or information sufficient to form a belief as to

whether other affirmative defenses apply in this matter. WFM expressly reserves the right to raise any additional affirmative defense which may arise as discovery progresses or otherwise in the course of the litigation.

## THIRTEENTH DEFENSE

WFM responds to the individually numbered allegations in the Complaint as follows:

## PARTIES AND JURISDICTION

1.

WFM is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph related to Plaintiff's address, but it admits Plaintiff has subjected himself to the jurisdiction of this court.

2.

WFM admits it is a foreign profit corporation incorporated under the laws of the state of Delaware, it maintains a principal office address in Austin, Texas, and it is not a citizen of Georgia. WFM admits it leased the premises where the incident occurred, and the incident occurred in Fulton County, Georgia. WFM admits it is subject to the jurisdiction and venue of this court and may be served through its registered agent C T Corporation System at 289 South Culver Street, Duluth 30097. WFM denies the remaining allegations in this paragraph.

3.

WFM denies the allegations in this paragraph.

4.

WFM denies the allegations in this paragraph.

## BACKGROUND

5.

WFM admits on December 12, 2016 Plaintiff was inside the "Whole Foods" store located at 77 West Paces Ferry Road NW, Atlanta, Fulton County, Georgia 30305. WFM is without knowledge or information sufficient to form a belief as to Plaintiff's purpose for being inside the store and therefore denies any remaining allegations in this paragraph.

6.

WFM admits it operated a "Whole Foods" storefront at 77 West Paces Ferry Road NW, Atlanta, Georgia 30305 in accordance with its lease. WFM denies the remaining allegations in this paragraph.

7.

WFM admits Plaintiff was inside the "Whole Foods" store located at 77 West Paces Ferry Road NW, Atlanta, Georgia 30305 on December 12, 2016, but WFM is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

8.

WFM admits while Plaintiff was inside the "Whole Foods" store located at 77 West Paces Ferry Road NW, Atlanta, Georgia 30305, he entered the restroom. WFM is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

9.

WFM admits the stall door became unlatched from one of its hinges but denies the stall door was in an unmaintained, poor condition. WFM is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

10.

WFM admits it operated and controlled the "Whole Foods" store and restrooms at 77 West Paces Ferry Road NW, Atlanta, Fulton County, Georgia 30305 in accordance with the terms of its lease. WFM denies the remaining allegations in this paragraph.

11.

WFM admits there were no posted warning or "out of order" signs on the stall where the alleged incident occurred. WFM is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

12.

WFM denies the allegations in this paragraph.

**COUNT I – PREMISES LIABILITY**

13.

WFM realleges and incorporates its responses to the allegations in paragraphs 1 through 12 herein.

14.

WFM admits it operated the "Whole Foods" store located at 77 West Paces Ferry Road NW, Atlanta, Fulton County, Georgia 30305 in accordance with the terms of its lease. WFM is without knowledge or information sufficient to form a belief as to Plaintiff's purpose for being inside the store and denies the remaining allegations in this paragraph.

15.

WFM admits it has a nondelegable duty of ordinary care to make its premises safe for invitees from *unreasonable risks of harm* from which WFM has *superior* knowledge, and WFM further admits it complied with this duty. WFM is without knowledge or information sufficient to

form a belief as to Plaintiff's purpose for being inside the store and therefore denies the allegations in this paragraph pertaining to whether Plaintiff is an invitee. WFM denies any remaining allegations in this paragraph.

16.

WFM denies the allegations in this paragraph.

17.

WFM denies the allegations in this paragraph.

18.

WFM denies the allegations in this paragraph.

19.

WFM denies the allegations in this paragraph.

**COUNT II – LIABILITY OF DEFENDANTS**

20.

WFM realleges and incorporates its responses to the allegations in paragraphs 1 through 19 herein.

21.

WFM admits it has a duty of ordinary care to make its premises safe from *unreasonable risks of harm* from which WFM has *superior* knowledge, and WFM further admits it complied with this duty and inspected, cleaned, repaired, and maintained the restrooms inside the "Whole Foods" store located at 77 West Paces Ferry Road NW, Atlanta, Fulton County, Georgia 30305. WFM denies any remaining allegations in this paragraph.

22.

WFM denies the allegations in this paragraph.

## COUNT III – VICARIOUS LIABILITY

23.

WFM realleges and incorporates its responses to the allegations in paragraphs 1 through 22 herein.

24.

WFM admits its employees cleaned, inspected, and otherwise maintained the restrooms inside the "Whole Foods" store located at 77 West Paces Ferry Road NW, Atlanta, Fulton County, Georgia 30305, but WFM denies any remaining allegations in this paragraph.

25.

WFM denies the allegations in this paragraph.

## COUNT IV – NEGLIGENT TRAINING AND SUPERVISION

26.

WFM realleges and incorporates its responses to the allegations in paragraphs 1 through 25 herein.

27.

WFM denies the allegations in this paragraph.

28.

WFM denies the allegations in this paragraph.

29.

WFM denies the allegations in this paragraph.

## STATEMENT OF RENEWAL

30.

WFM denies the allegation that the allegations in the Initial Complaint are substantially

similar to the allegations in the instant Complaint. See the Initial Complaint attached hereto as

**Exhibit A**, which does not specifically plead a premises liability claim or make any claims of

negligent training and supervision, vicarious liability, or liability for unnamed defendants. WFM

is without knowledge or information sufficient form a belief as to the truth of the allegation related

to Plaintiff's payment of costs. WFM admits the remaining allegations in this paragraph.

WFM denies any allegations in the unnumbered paragraph of the Complaint.

### FOURTEENTH DEFENSE

WFM denies any allegations not expressly admitted herein.

WHEREFORE, WFM requests all relief to which it is entitled by law.

**WFM DEMANDS A JURY TRIAL.**

This 11th day of August, 2021.

BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, P.C.

*/s/ Melody H. Demasi*
MELODY H. DEMASI
Georgia Bar No. 988861
*Attorney for Whole Foods Market Group,
Inc.*

Suite 1600, Monarch Plaza
3414 Peachtree Road, N.E.
Atlanta, GA 30326
Phone: (404) 577-6000
Fax: (404) 221-6501
mdemasi@bakerdonelson.com

## CERTIFICATE OF SERVICE

On this day, I electronically filed **WHOLE FOODS MARKET GROUP, INC.'S ANSWER** with the Clerk of Court using the Odyssey eFileGA electronic filing system, which will automatically send an email notification of such filing to the following attorneys of record:

Jason N. Slate
Ali Awad Law, P.C.
200 Peachtree Street NW
Suite 201
Atlanta, GA 30303

This 11th day of August, 2021.

BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, P.C.

*/s/ Melody H. Demasi*
MELODY H. DEMASI
Georgia Bar No. 988861
*Attorney for Whole Foods Market Group,
Inc.*

**EXHIBIT A**

State Court of Fulton County
**E-FILED**
18EV005808
12/3/2018 4:55 PM
LeNora Ponzo, Clerk
Civil Division

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

ERAN AYDIN                 )
                            )
            Plaintiff,    )    CIVIL ACTION
                            )
vs.                        )    FILE NO.
                            )
WHOLE FOODS MARKET GROUP,   )
INC., XYZ CORPORATION, AND     )
JOHN DOE                  )
                            )
            Defendants.   )
                            )

## COMPLAINT

COMES NOW, ERAN AYDIN, Plaintiff, and makes and files this Complaint against Defendant Whole Foods Market Group, INC. XYZ Corporation and John Doe, as follows:

### JURISDICTION AND VENUE

1.

Plaintiff is a resident of Georgia.

2.

Defendant Whole Foods Market Group, INC. is a for profit Georgia corporation authorized to do business in Georgia and is subject to jurisdiction and venue of this court after service upon its registered agent, for service, CT CORPORATION SYSTEM, at 289 South Culver Street, Gwinnett County, Duluth, GA, 30097.

3.

Defendant Whole Foods Market Group, INC is a for profit Georgia corporation authorized to do business in Georgia and is subject to jurisdiction and venue of this court after

service upon its registered agent, for service. Corporation Process Company at 289 South Culver Street, Gwinnett County, Duluth, GA. 30097.

Jurisdiction and venue are proper in this Court.

## COUNT I-NEGLIGENCE

4.

On or about September 20, 2014, Plaintiff Eran Aydin was an invitee to the Whole Foods Market located at 77 West Paces Ferry Road NW, Atlanta, Fulton County, Georgia 30305.

5.

On or about September 20, 2014, the Whole Foods Market Group, INC. located at 77 West Paces Ferry Road NW, Atlanta, Georgia 30305 was owned and operated by Defendant Whole Foods Market Group, INC.

6.

On or about September 20, 2014, the Plaintiff entered the Defendant's establishment with the intention of purchasing groceries.

7.

Plaintiff went to use the establishment's restroom and entered a restroom stall.

8.

Upon attempting to exit the stall inside the restroom, the stall door came off and fell on top of the Plaintiff, causing the Plaintiff to fall to the floor and be pinned down by the weight of the door.

9.

At the time of the Plaintiff's fall, there were no warning or "out of order" signs in the stall where the door came off.

10.

As a direct and proximate result of the negligent acts by the Defendant, the Plaintiff suffered substantial injuries and damages, including past and future medical expenses, past and future mental and physical pain and suffering, and permanent disability.

11.

As a result of the negligence of the Defendant, the Plaintiff has incurred medical expenses.

WHEREFORE, the Plaintiff prays that he have a jury trial on all issues and judgment against Defendant as follows:

a.   That Plaintiff recovers the full value of his past and future medical expenses in an amount to be proven at trial;

b.   That Plaintiff recovers for physical pain and suffering, loss of enjoyment of life, and emotional distress in an amount to be determined by at trial;

c.   That Plaintiff recovers reasonable attorney's fees and costs of litigation and any statutory penalties allowed by law;

d.   That Plaintiff recovers such other and further relief as is just and proper; and

e.   That all issues be tried by a jury.

[SIGNATURE BLOCK ON NEXT PAGE]

- 3 -

This 3 day of December 2018.

Respectfully Submitted,

Hung Q. Nguyen, Esq.
Georgia Bar No.: 940370
R Roman Bourret, Esq.
Georgia Bar No.: 497676
Attorneys for Plaintiff

LAW OFFICE OF HUNG Q. NGUYEN & ASSOCIATES
5495 Jimmy Carter Boulevard
Suite B-4
Norcross, Georgia 30093
470-273-6196 (T)
470-375-9863 (F)

- 4 -