**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| ERAN AYDIN,<br>    Plaintiff,<br><br>            v.<br><br>WHOLE FOODS MARKET GROUP, INC.;<br>XYZ CORPORATION; and JOHN DOE,<br>    Defendants. | Civil Action No.<br>1:21-cv-03269-SDG |

**OPINION AND ORDER**

This matter is before the Court on Plaintiff Eran Aydin's motion to strike a document from the docket [ECF 15] and Defendant Whole Foods Market Group, Inc.'s (WFMG) motion to dismiss [ECF 16]. For the following reasons, Aydin's motion is **GRANTED** and WFMG's motion is **GRANTED in part**.

**I.     Background**[1]

On December 12, 2016, Aydin went to a Whole Foods Market owned by WFMG.[2] While there, he used the restroom.[3] When Aydin attempted to exit the restroom stall, the stall door "experienced a mechanical failure," "broke free," and

---

[1]  For purposes of this Order the Court accepts the well-pleaded allegations in the Complaint as true.

[2]  ECF 1-1, at 4–5 ¶¶ 5–6.

[3]  *Id.* at 5 ¶ 8.

fell on top of him.[4] Aydin was knocked to the floor and pinned there by the door.[5] There were no warning or "out of order" signs near the stall.[6]

On December 3, 2018, Aydin initiated suit in the State Court of Fulton County, Georgia, asserting a sole claim (the Original Complaint).[7] While styled as a negligence cause of action, the allegations demonstrate that Aydin's theory was based on premises liability against WFMG because it was the owner and operator of the Whole Foods. Although Aydin also named XYZ Corporation and John Doe as Defendants, the pleading did not contain any factual allegations relating to them and did not assert the negligence cause of action against them.[8] Aydin voluntarily dismissed the Original Complaint on February 3, 2021.[9]

On July 9, 2021, pursuant to Georgia's renewal statute, Aydin again filed suit in the State Court of Fulton County, Georgia (the Renewal Complaint).[10] He again named WFMG, XYZ, and Doe as Defendants, describing the latter two as

---

4   *Id.* ¶¶ 8–9.

5   *Id.* ¶ 9.

6   *Id.* ¶ 11.

7   *Id.* at 25–28.

8   *Id.*

9   *Id.* at 9 ¶ 30.

10  *Id.* at 3–10.

(respectively) an "unknown vendor of the premises" and an "unidentified individual," both acting within their scope of employment for WFMG, and as parties whose acts contributed to his injuries.[11] The Renewal Complaint asserts causes of action for premises liability (Count I), negligence (Count II), vicarious liability (Count III), and negligent training and supervision (Count IV).[12] As damages, Aydin seeks (among other things) past and future medical expenses, lost wages, pain and suffering, emotional distress, and diminished earning capacity.[13]

On July 12, 2021, WFMG was served with the Renewal Complaint.[14] On August 11, it removed the action to this Court.[15] On November 1, it moved to dismiss Counts II through IV based on the statute of limitations.[16] Aydin opposed the motion on November 15.[17] WFMG did not file a reply. However, on June 13, 2022, the Court issued an Order to Show Cause (the OTSC) directing WFMG to

---

[11]  *Id.* at 4 ¶¶ 3–4.

[12]  *Id.* at 6–9.

[13]  *Id.* at 10.

[14]  *Id.* at 13.

[15]  ECF 1.

[16]  ECF 16.

[17]  ECF 17. Aydin later filed an amended version of his brief. ECF 18.

supplement its notice of removal to provide additional evidence in support of this Court's jurisdiction.[18] WFMG responded to the OTSC on June 22.[19]

## II.   Discussion

### A.   Jurisdiction

"[W]hen an action is removed from state court, the district court first must determine whether it has original jurisdiction over the plaintiff's claims." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). Federal courts have diversity jurisdiction over civil actions between citizens of different states where the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. The removing party "bears the burden of proving that federal jurisdiction exists." *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001).

#### 1.   Citizenship

"Diversity jurisdiction, as a general rule, requires complete diversity—every plaintiff must be diverse from every defendant." *Palmer v. Hosp. Auth. of Randolph Cnty.*, 22 F.3d 1559, 1564 (11th Cir. 1994). However, only the citizenship of Aydin and WFMG are relevant here: Fictitious parties are disregarded for the purpose of determining complete diversity. 28 U.S.C. § 1441(b). WFMG is a citizen of the

---

[18]   ECF 19.

[19]   ECF 20.

States of Delaware and Texas.[20] Although the Notice of Removal asserts that Aydin is a citizen of the State of Georgia, it cites the Renewal Complaint as support.[21] That pleading alleges Aydin's *residency*, not his citizenship. In response to the OTSC, WFMG has now provided sufficient evidence to establish that Aydin is a citizen of the State of Georgia.[22] The Court concludes that there exists complete diversity in this action.

### 2. Amount in Controversy

The amount in controversy is measured from the date of removal. *The Burt Co. v. Clarendon Nat. Ins. Co.*, 385 F. App'x 892, 894 (11th Cir. 2010). The removing party must show by a preponderance of the evidence that the claim meets the threshold jurisdictional amount of $75,000. *Wineberger v. RaceTrac Petro., Inc.*, 672 F. App'x 914, 916–17 (11th Cir. 2016) (citing *Federated Mut. Ins. Co. v. McKinnon Motors, LLC*, 329 F.3d 805, 807 (11th Cir. 2003)).

Although the Renewal Complaint does not allege an amount in controversy, the Notice of Removal asserts that—at the time of removal—Aydin had produced

---

[20] ECF 1, ¶ 3; ECF 1-1, at 3–4 ¶ 2.

[21] ECF 1, ¶ 2 (citing ECF 1-1, at 3 ¶ 1).

[22] ECF 20.

medical bills showing expenses of at least $62,256.83.[23] WFMG also asserts that Aydin "has demanded an amount . . . that far exceeds the medical expenses produced by [him] and the requisite amount in controversy."[24] As WFMG acknowledges, however, "[s]ettlement offers commonly reflect puffing and posturing, and such a settlement offer is entitled to little weight in measuring the preponderance of the evidence.'" *Ware v. Checkers Drive-In Rests., Inc.*, Civ. A. No. 1:17-cv-2109-AT, 2017 WL 10378127, at *2 (N.D. Ga. June 30, 2017) (quoting *Jackson v. Select Portfolio Serv., Inc.*, 651 F. Supp. 2d 1279, 1281 (S.D. Ala. 2009)).

In response to the OTSC, WFMG provided additional evidence in support of the amount in controversy. As a result of his alleged injuries, Aydin claims to have suffered a mild concussion, neck strain, low back strain, and a head contusion. He had dizziness, nausea, and face pain. In addition to the immediate treatment he received, he had appointments at a rehabilitation center for approximately 18 months after the accident. He received facet injections and radiofrequency ablations in his lumbar spine, but continues to feel pain and may need additional treatments in the future.[25] Given this evidence and Aydin's claims

---

[23]  ECF 1, ¶ 6.

[24]  *Id.* ¶ 7.

[25]  ECF 20, at 3–4; ECF 20-1; ECF 20-2; ECF 20-4; ECF 20-5.

for past and future medical expenses, pain and suffering, and diminished earning capacity (among other things), the Court finds that the amount in controversy has been satisfied and that it may properly exercise diversity jurisdiction over this action.

### B.  Statute of Limitations

#### 1.  Aydin's claims against WFMG for vicarious liability and negligent training and supervision are time-barred.

WFMG argues that Aydin's claims for negligence (Count II), vicarious liability (Count III), and negligent training and supervision (Count IV) are barred by the statute of limitations because they were not asserted in the Original Complaint: Only Aydin's premises liability claim is timely under Georgia's renewal statute.[26] Aydin's one page opposition to WFMG's motion to dismiss asserts simply that "[t]his is a premises liability action" and that "pleadings are to be construed liberally and reasonably to achieve substantial justice."[27]

---

[26]  *See generally* ECF 16-1.

[27]  ECF 18.

On November 15, 2021, Aydin timely responded to the motion to dismiss. ECF 17. That response brief, however, cited the Georgia Civil Practice Act. Apparently in an effort to correct that error, on November 23, 2021, Aydin filed another response brief that cites the Federal Rules of Civil Procedure. ECF 18. Other than that correction, the November 23 brief appears to be identical to the earlier version. Although the corrected brief was untimely and filed without

Under Georgia law, the statute of limitations for personal injury claims is two years from the date of the injury. O.C.G.A. § 9-3-33. Aydin suffered his injuries on December 16, 2016 and filed the Original Complaint on December 3, 2018—within two years. He dismissed that case on February 3, 2021 and refiled under Georgia's renewal statute on July 9, 2021—less than six months after dismissal of the Original Complaint.

The renewal statute provides,

> [w]hen any case has been commenced in either a state or federal court within the applicable statute of limitations and the plaintiff discontinues or dismisses the same, it may be recommenced in a court of this state or in a federal court either within the original applicable period of limitations or within six months after the discontinuance or dismissal, whichever is later . . . .

O.C.G.A. § 9-2-61(a). Thus, if Aydin's Renewal Complaint fits within the meaning of the renewal statute, his claims are not barred by the statute of limitations. WFMG, however, argues that the allegations in a renewal suit must be "substantially identical" to the claims originally asserted.[28] WFMG therefore

---

leave, since there is no prejudice to WFMG, the Court relies on the November 23 version of Aydin's brief, *i.e.*, ECF 18.

[28] ECF 16-1, at 4 (citing *Thurmon v. Clayton Cnty.*, Civ. A. No. 1:11-cv-1412-RWS, 2012 WL 6625637, at *4 (N.D. Ga. Dec. 19, 2012)).

contends that any claims not substantially identical to those raised in the Original Complaint are time-barred.

It is indeed correct that, to avoid a statute of limitations bar, a renewed action must be substantially the same as the original one. That is, "[t]o suspend the running of the statute of limitation in a renewal action, the cause of action must be substantially the same as in the original action. A defendant's liability cannot be enlarged beyond that indicated by the pleadings in the first case." *Blier v. Greene*, 263 Ga. App. 35, 38 (2003) (quoting *Burns v. Dees*, 252 Ga. App. 598, 607–08 (2001)). Accordingly, the Court has no difficulty in concluding that Aydin's vicarious liability and negligent training and supervision claims (Counts III and IV) are time-barred.

Aydin's original cause of action was based on the fact that WFMG owned and operated the Whole Foods where he was injured.[29] Such invitee premises liability claims are governed by O.C.G.A. § 51-3-1:

> Where an owner or occupier of land, by express or implied invitation, induces or leads others to come upon his premises for any lawful purpose, he is liable in damages to such persons for injuries caused by his failure to exercise ordinary care in keeping the premises and approaches safe.

---

[29]   *See generally* ECF 1-1, at 25–28.

In contrast, Aydin's vicarious liability and negligent training claims are premised on WFMG being responsible for the acts of an unknown employee—Doe.[30] Such claims are plainly distinct from the one Aydin originally asserted. "[I]f a plaintiff files a renewal suit after the applicable limitations period has expired and adds a new cause of action based on a new theory of recovery, the renewal statute is inapplicable to save [the] claim from being time-barred." *Coen v. Aptean, Inc.*, 356 Ga. App. 468, 470 (2020) (internal quotation marks omitted) (second alteration in original) (citation omitted). Here, since Counts III (vicarious liability) and IV (negligent supervision) were not brought until well beyond two years after Aydin was injured, they are time-barred.

Count II (negligence) in the Renewal Complaint, however, stands on different footing. Aydin's opposition brief makes clear that his entitlement to damages is based on a premises liability theory (expressly asserted in Count I). It isn't clear how Count II, which asserts simple negligence, is really any different from the premises liability claim asserted in the Original Complaint or the Renewal Complaint. To be clear, Count II contains more detail than the original pleading about the ways in which WFMG was allegedly negligent—but so does

---

[30]  *Id.* at 8 ¶¶ 24–29.

the renewed Count I.[31] And WFMG does not make any argument about why Count II is not substantially similar to the cause of action asserted in the Original Complaint such that the claim is protected from the limitations bar by the renewal statute. Rather, what WFMG argues is that Count II is new *as to XYZ and Doe* and should therefore be dismissed.[32] There is no discussion about why this means Count II should be dismissed as to **WFMG**. In fact, the Court concludes that Counts I and II as to WFMG are substantially similar to the cause of action Aydin originally asserted. "While a plaintiff's substantial rights or a defendant's liability cannot be enlarged in a renewal action, the renewal action need not be identical to the first one." *Coen*, 356 Ga. App. at 470 (quoting *Cushing v. Cohen*, 323 Ga. App. 497, 507 (2013)). "[T]he relevant inquiry is whether the *causes of action* asserted in the original and renewal suits were substantially the same." *Id.* (emphasis in original). Here, Counts I and II are substantially the same, so they are not subject to dismissal.

### 2. Claims against the fictitious parties must be dismissed.

"As a general matter, fictitious-party pleading is not permitted in federal court." *Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010) (citing *New v. Sports*

---

[31] *Compare* ECF 1-1, at 26–27 ¶¶ 4–11 *with id.* at 6–8 ¶¶ 13–22.

[32] ECF 16-1, at 3–7.

*& Recreation, Inc.*, 114 F.3d 1092, 1094 n.1 (11th Cir. 1997)). However, there is "a limited exception to this rule when the plaintiff's description of the defendant is so specific as to be, 'at the very worst, surplusage.'" *Id.* (quoting *Dean v. Barber*, 951 F.2d 1210, 1215-16 (11th Cir. 1992)).

The Renewal Complaint describes XYZ as having "the position of the unknown vendor of the premises where the subject incident occurred, and at all times relevant to this action, was acting within the scope of employment for Defendant WFMG . . . whose acts and/or omissions are believed to have contributed to Plaintiff's claims."[33] Similarly, Doe is alleged to be "an unidentified individual who . . . was acting within the scope of employment for Defendant WFMG and/or Defendant XYZ . . . whose acts and/or omissions contributed to Plaintiffs damages."[34] The pleading contains no allegations of any specific act or omission by either XYZ or Doe that led or contributed to Aydin's injuries. Instead, it makes vague references to XYZ's "nondelegable duty," and to XYZ's and Doe's negligence.[35] These oblique references are a far cry from the specificity required to

---

[33] ECF 1-1, at 4 ¶ 3.

[34] *Id.* ¶ 4.

[35] *See, e.g.*, ECF 1-1, at 6 ¶¶ 15–16; *id.* at 7 ¶ 22; *id.* at 9 ¶ 29.

meet the exception to the general rule against fictitious party pleading. Accordingly, XYZ Corporation and John Doe must be dismissed from this action.

But even if the Renewal Complaint had sufficiently described these XYZ and Doe parties, Aydin's claims against them would be time-barred anyway. The Original Complaint did not assert any causes of action against these Defendants. As a result, there can be no substantially similar claim against them in the Renewal Complaint. *Blier*, 263 Ga. App. at 38. Moreover, there is no indication that those Defendants were ever served with the Original Complaint. That suit was thus never valid as to them. The "renewal statute applies only to actions that are valid prior to dismissal. To constitute a valid action, the complaint must be served personally on the defendant." *Thurmon v. Clayton Cnty.*, Civ. A. No. 1:11-cv-1412-RWS, 2012 WL 6625637, at *3 (N.D. Ga. Dec. 19, 2012) (quoting *Stephens v. Shields*, 271 Ga. App. 141, 141 (2004)).

### C.     Motion to Strike

Aydin seeks to strike the September 24, 2021 initial disclosures from the docket, asserting that they were erroneously filed and relate to a separate action pending in this district.[36] WFMG did not oppose the motion. Since the disclosures

---

[36]   ECF 15.

are not relevant here, there is no reason for the incorrectly filed document to remain on the docket. Accordingly, the motion to strike is **GRANTED**.

### III. Conclusion

For the foregoing reasons, Aydin's motion to strike [ECF 15] is **GRANTED**. The Clerk is **DIRECTED** to strike ECF 14 from the docket. WFMG's motion to dismiss is **GRANTED in part** and **DENIED in part**. Defendants XYZ Corporation and John Doe are **DISMISSED**, and the Clerk is **DIRECTED** to terminate them from this action. Counts III and IV of the Renewal Complaint are **DISMISSED** as time-barred. The Clerk is **DIRECTED** to file the Renewal Complaint [ECF 1-1, at 2–10] separately on the docket. The existing deadlines in the Court's Scheduling Order [ECF 10] remain the same.

**SO ORDERED** this 29th day of September, 2022.

Steven D. Grimberg
United States District Court Judge