IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ERAN AYDIN,<br>    Plaintiff,<br>                v.<br>WHOLE FOODS MARKET GROUP, INC.,<br>    Defendant. | Civil Action No.<br>1:21-cv-03269-SDG |

**OPINION AND ORDER**

This matter is before the Court on Defendant Whole Foods Market Group, Inc.'s (WFMG) motion for summary judgment [ECF 24]. For the following reasons, the motion is **GRANTED**.

**I.     Factual Background**

As discussed further below, because Aydin did not respond to WFMG's statement of undisputed facts, the Court has reviewed the record evidence and concludes that the following details in WFMG's statement of undisputed material facts are properly supported. *Reese v. Herbert*, 527 F.3d 1253, 1269 (11th Cir. 2008) ("[A]fter deeming the movant's statement of undisputed facts to be admitted pursuant to Local Rule 56.1, the district court must then review the movant's citations to the record to 'determine if there is, indeed, no genuine issue of material fact.'") (citation omitted).

On December 12, 2016, at around 11 a.m., Aydin went to a Whole Foods store in Atlanta, Georgia (the Store).[1] WFMG operates the Store.[2] After arriving, Aydin went to the men's room and entered a stall.[3] As he was opening the stall door to exit, the door broke free from the top hinge and fell on him.[4]

Store records indicate that, in the approximately 2.5 hours before Aydin's accident, the men's room was inspected five times by a Store employee and it was consistently "clean and hazard free."[5] WFMG did not have actual knowledge of the alleged defect in the door before Aydin's accident.[6] No Store employees were in the bathroom at the time of the incident.[7] Although Aydin testified that the problems with the door were very visible, he did not see any problems with it before entering the stall.[8] Nor does he know the exact cause of the door falling; he

---

[1]   ECF 24-2, ¶¶ 1, 13.

[2]   *Id.* ¶ 1.

[3]   *Id.* ¶ 15.

[4]   ECF 24-5, at 4 (Aydin Tr. 17:1–5). WFMG asserts that the door hit Aydin "on the face," citing Aydin's deposition testimony in support. ECF 24-2, ¶ 16. The transcript, however, reflects that Aydin testified that the door "fell on" him, and "fell on [his] face and hit [him] in the head." ECF 24-5, at 4 (Aydin Tr. 17:1–22). This discrepancy is not relevant for purposes of WFMG's motion.

[5]   ECF 24-2, ¶ 18; ECF 24-4, at 3, 5, 7, 9, 10.

[6]   ECF 24-2, ¶¶ 17, 22.

[7]   *Id.* ¶ 20.

[8]   *Id.* ¶ 24.

testified that the top hinge was broken or came loose and there were broken or missing screws "or something."[9]

## II. Applicable Legal Standard

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The evidence is viewed in the light most favorable to the party opposing summary judgment, "and all justifiable inferences are to be drawn" in his favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *see also Herzog v. Castle Rock Entm't*, 193 F.3d 1241, 1246 (11th Cir. 1999) (similar). If a movant meets its burden, the opposing party must present evidence showing either (1) a genuine issue of material fact or (2) that the movant is not entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). The non-movant "may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 248.

## III. Discussion

### A. Material facts in dispute

Aydin did not respond to WFMG's statement of undisputed material facts as required by the local rules. LR 56.1(B)(2)(a), NDGa. The Court "cannot consider

---

[9]   *Id.* ¶ 23; ECF 24-5, at 4–5 (Aydin Tr. at 17:18–18:2).

any fact set forth only in a brief and not in a response to the movant's statement of facts or in the respondent's own statement of additional material facts." *Lewis v. Residential Mortg. Sols.*, No. 1:17-CV-1422-ELR-WEJ, 2018 WL 5276221, at *2 (Aug. 31, 2018) (citations omitted), *report and recommendation adopted*, 2018 WL 5276190 (N.D. Ga. Oct. 16, 2018), *aff'd*, 800 F. App'x 830 (11th Cir. 2020). *See also Richardson v. Jackson*, 545 F. Supp. 2d 1318, 1326 (N.D. Ga. 2008) ("Accordingly, to the extent that either party includes any fact in a brief that is *not* included in the party's Statement of Material Facts (or in its response to the opposing party's Statement of Material Facts), the Court is not permitted to consider such fact in resolving any pending motion for summary judgment.") (emphasis in original); LR 56.1(B)(2)(b) & (B)(1)(d), NDGa ("The Court will not consider any fact . . . set out only in the brief" and not in a statement of additional material facts). The Court therefore treats WFMG's facts as admitted to the extent they are supported by the record evidence and does not consider contrary facts set forth only in Aydin's brief.[10]

The Eleventh Circuit has explained why this mandate is not a mere elevation of form over substance:

> Local Rule 56.1 protects judicial resources by "mak[ing] the parties organize the evidence rather than leaving the

---

[10] This includes averments in the Affidavit of Kris Strizzi, ECF 29-2, an alleged witness to the aftermath of Aydin's accident, filed in support of Aydin's opposition brief. WFMG also objects to the Court's consideration of this affidavit. ECF 30, at 3–4.

> burden upon the district judge." The rule also streamlines the resolution of summary judgment motions by "focus[ing] the district court's attention on what is, and what is not, genuinely controverted."
>
> . . . .
>
> The proper course in applying Local Rule 56.1 at the summary judgment stage is for a district court to disregard or ignore evidence relied on by the respondent—but not cited in its response to the movant's statement of undisputed facts—that yields facts contrary to those listed in the movant's statement. That is, because the non-moving party has failed to comply with Local Rule 56.1—the only permissible way for it to establish a genuine issue of material fact at that stage—the court has before it the functional analog of an unopposed motion for summary judgment.

*Reese*, 527 F.3d at 1268 (citations omitted). *See also Libel v. Adventure Lands of Am., Inc.*, 482 F.3d 1028, 1032 (8th Cir. 2007) ("Courts have neither the duty nor the time to investigate the record in search of an unidentified genuine issue of material fact to support a claim or a defense.").

Instead of disputing WFMG's facts, Aydin's brief poses two questions that appear to summarize the facts he believes *are* in dispute: whether WFMG inspected the actual stall door and whether WFMG had reasonable inspection procedures.[11] But these are not facts supported by evidence, they are legal

---

[11] ECF 29-1, at 1. WFMG objected to Aydin's filing on much the same basis. ECF 30, at 2 ("Plaintiff sets forth issues he intends to argue as a basis for why this Court should deny WFM's motion for summary judgment, but he fails to

arguments about why Aydin believes the entry of summary judgment in WFMG's favor is inappropriate.

B.     **Breach of Duty**

Aydin asserts causes of action against WFMG based on premises liability and a failure to inspect.[12] Such causes of action contain four essential elements: "[A] duty, a breach of that duty, causation, and damages." *Collins v. Athens Orthopedic Clinic, P.A.*, 307 Ga. 555, 557 (2019). *See also St. Jude's Recovery Ctr. v. Vaughn*, 354 Ga. App. 593, 594 (2020). O.C.G.A. § 51-3-1 governs premises liability claims by invitees to property:

> Where an owner or occupier of land, by express or implied invitation, induces or leads others to come upon his premises for any lawful purpose, he is liable in damages to such persons for injuries caused by his failure to exercise ordinary care in keeping the premises and approaches safe.

In order to hold a defendant liable under this statute, a plaintiff must show "(1) that the defendant had actual or constructive knowledge of the hazard; and (2) that the plaintiff lacked knowledge of the hazard despite the exercise of ordinary care due to actions or conditions within the control of the owner/occupier." *D'Elia v Phillips Edison & Co.*, 354 Ga. App. 696, 698 (2020)

---

set forth any *facts* in the record that actually create an issue of material fact." (emphasis in original)).

12   ECF 23, ¶¶ 13–22 (Counts I, II).

(quoting *Cherokee Main St. v. Ragan*, 345 Ga. App. 405, 407 (2018)). Only constructive knowledge is at issue here.[13]

Constructive knowledge can be established by evidence that (1) the hazard had existed for a sufficient period of time that, in the exercise of ordinary care, the defendant should have noticed and removed the hazard or (2) the defendant had an employee in the immediate area of the hazard who could have easily seen and removed the hazard. *McCullough v. Kroger Co.*, 231 Ga. App. 453, 454 (1998) (citation omitted). Aydin bears the burden of proof here. *D'Elia*, 354 Ga. App. at 698; *Pirkle v. Quiktrip Corp.*, 325 Ga. App. 597, 600 (2014). He argues there is record evidence showing that loose or broken bolts contributed to the door falling.[14] This problem was very visible to Aydin—*after* the door fell.[15] Based solely on this, he contends there was "a latent defect that could have been identified and repaired before it harmed a customer."[16] Aydin also asserts that the Store's inspection logs do not indicate whether "the door hinges, bolts, or door to the bathroom stall at issue were visually inspected."[17] In his view, this creates a dispute of material fact

---

[13] ECF 29-1, at 5–8. Because Aydin has not shown WFMG's constructive knowledge, the Court need not address whether he exercised ordinary care.

[14] ECF 29-1, at 6–7. This point is supported by deposition testimony on which WFMG relies in support of its motion. ECF 24-5, at 7 (Aydin Tr. at 57:20–25).

[15] ECF 24-2, ¶ 24.

[16] *Id.*

[17] *Id.* at 8.

about the sufficiency of WFMG's inspection procedures. Aydin's arguments are not a substitute for his lack of evidence showing WFMG's constructive knowledge.

### 1. Ordinary Care

To succeed in showing constructive knowledge through the failure to exercise ordinary care in inspecting the premises, there must be proof of the length of time the dangerous condition existed. *Thompson v. Regency Mall Assoc.*, 209 Ga. App. 1, 3 (1993) (citation omitted); *Gootee v. Target Corp.*, 256 F. App'x 253, 254–55 (11th Cir. 2007) (per curiam). Aydin has put forward no such proof. He cannot therefore show constructive knowledge in this manner.

Aydin instead argues that the problem with the door "speaks for itself," *i.e.*, *res ipsa loquitur*, such that the Court should infer WFMG's negligence from the nature of the accident alone.[18] That is, the Court should assume the problems that caused the door to fall (whatever they were) had existed long enough that WFMG should have noticed them because doors don't randomly fall off their hinges. But it is just as plausible that a visitor to the Store tampered with the door or that the door failed without any negligence on WFMG's part. *Nat'l Sur. Corp. v. Ga. Power Co.*, No. 2:17-CV-68-RWS, 2019 WL 4394403, at *7 (N.D. Ga. Sept. 12, 2019) ("[A] product failure can occur absent negligence."). "A plaintiff must introduce evidence which affords a reasonable basis for the conclusion that it is more likely

---

18   ECF 29-1, at 9–10.

than not that the conduct of the defendant was a cause in fact of the result. A mere possibility of such causation is not enough." *AMLI Residential Props., Inc. v. Ga. Power Co.*, 293 Ga. App. 358, 364 (2008) (quoting *Purvis v. Steve,* 284 Ga. App. 116, 119 (2007)). This is especially true where, as here, the men's room was available to customers of the Store and was not in WFMG's exclusive control—as demonstrated by Aydin's use of it. *Id.*[19]

Moreover, the doctrine of *res ipsa loquitur* should be "applied with caution and only in extreme cases." *Watts & Colwell Builders, Inc. v. Martin*, 313 Ga. App. 1, 6 (2011) (quoting *Sams v. Wal-Mart Stores*, 228 Ga. App. 314, 316 (1997)). This is not such an extreme case.

As for Aydin's contention that there is a dispute about the reasonableness of WFMG's procedures, he has put forward no evidence suggesting the procedures weren't reasonable. The Store's men's room was inspected multiple times in the few hours before Aydin's accident.[20] Aydin argues that there is no evidence the door itself was specifically examined during the inspections.[21] But it was Aydin's burden to come forward with evidence demonstrating that the Store's

---

[19] *See also* ECF 31, at 2–5 (arguing that Aydin has not satisfied the elements required for the application of *res ipsa loquitur*).

[20] ECF 24-2, ¶ 18.

[21] ECF 29-1, at 7–8

process wasn't reasonable and that there was a basis for the Store to inspect the door, hinges, and bolts. He has not done so.

The Store had not received any complaints about the door before the accident.[22] Even assuming the stall door and hinges were not specifically inspected, Aydin does not dispute that the bathroom itself was inspected numerous times in the hours before his accident and that no problems were noted. Ordinary care does not necessarily "require an inspection where the owner does not have actual knowledge of the defect and there is nothing in the character of the premises indicating a defect." *Sipple v. Newman*, 313 Ga. App. 688, 690 (2012) (citations omitted); *see also Thomas v. Deason*, 289 Ga. App. 753, 756 (2008) ("[A]lthough an owner owes its invitees a duty of reasonable inspection, it does not follow that the defendant was required to conduct an inspection that disclosed every latent defect on the property."). "[I]t is a well-settled principle of negligence law that 'the occurrence of an unfortunate event is not sufficient to authorize an inference of negligence.'" *Stadterman v. Southwood Realty Co.*, 361 Ga. App. 613, 615 (2021) (quoting *Wilson v. Guy*, 356 Ga. App. 509, 511 (2020); citing *Wolfe v. Carter*, 314 Ga. App. 854, 859 (2012)). Aydin's only suggestion that WFMG should have been on notice is that (according to Aydin's own testimony) the cause of the door

---

22   ECF 24-2, ¶¶ 10, 17, 22.

falling was apparent *after* the incident. That is not enough to demonstrate that WFMG should have been on notice of a problem *before* the incident—particularly in the absence of evidence about how long the problem had existed.

In *Watts & Colwell Builders*, the court concluded that the defendant was entitled to summary judgment under O.C.G.A. § 51-3-1 where the plaintiff had allegedly been injured by a falling bathroom door. The defendant conducted walk-through inspections of the building every two weeks and the bathrooms every six months. 313 Ga. App. at 7. In *Parks-Nietzold v. J.C. Penny, Inc.*, the plaintiff sued after being injured in a store's bathroom stall. The stall's latch was missing, and while the plaintiff was still in the stall, another customer opened the door forcefully, hitting the plaintiff in the head. An *en banc* Georgia Court of Appeals upheld the entry of summary judgment in favor of the store. The store had presented evidence that it cleaned the bathroom on a daily basis and did comprehensive cleanings weekly, which would have revealed the broken latch. The court held:

> Even if this is tantamount to an admission that had the daily cleanings included an inspection of the latches the broken latch would have been discovered . . . no such inspection was warranted.

227 Ga. App. 724, 725 (1997). This was true because there was no evidence of prior broken or inoperable latches causing injury that would have put the store on notice that they needed to be inspected more frequently. *Id.* "A proprietor need not

inspect for every theoretically possible hazard when no reason appears for doing so." *Id.* (citation omitted).

On this undisputed record, Aydin cannot demonstrate that WFMG's inspection procedures were unreasonable.

### 2. Employee in the Immediate Area

There is no dispute that there was not a Store employee in the men's room at the time of Aydin's accident.[23] So, Aydin cannot show that WFMG had constructive knowledge in this manner. *McCullough*, 231 Ga. App. at 454. Nor is there any evidence that, even if there had been an employee in the restroom, any hazard posed by the door could have easily been seen and removed. The inspection logs report no obvious problems and Aydin himself did not see a problem with the door before entering the stall. He testified only that the damage was "very visible" *after* the accident. This is not enough to demonstrate a dispute of material fact.

---

[23]   ECF 24-2, ¶ 20.

**IV.    Conclusion**

WFMG's motion for summary judgment [ECF 24] is **GRANTED**. The Clerk is **INSTRUCTED** to enter judgment in favor of Defendant and close this case.

**SO ORDERED** this 28th day of September, 2023.

Steven D. Grimberg
United States District Court Judge